done, and its nature, and that both agreed that the particular work in question, namely, the putting in of an iron soil pipe (in place of an earthen one) was agreed not to be included in the contract, and that he thereupon, in the presence of the defendant, wrote words to that effect on *his* copy of the specifications, which he introduced in evidence.

The question, therefore, was not one of law, whether a written instrument could be varied by parol testimony, but only one of fact, namely, whether the original form of the written instrument had been altered *prior* to its execution, as plaintiff testified, or not. This was manifestly an issue to be submitted to the jury.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

## WARSHAWSKY v. GATES.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

CARRIERS (§ 94*)—FREIGHT—ACTIONS FOR LOSS—PROOF.

　　Plaintiff cannot recover against an express company for the nondelivery of a package, without proving the loss of the package and its value.

　　[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 367–395, 456; Dec. Dig. § 94.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Abraham Warshawsky against Horatio H. Gates, as Secretary of the Adams Express Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued May term, 1913, before LEHMAN, BIJUR, and WHITAKER, JJ.

Edward V. Conwell and Robert E. Palmer, both of New York City, for appellant.

Abraham Crosney, of New York City, for respondent.

BIJUR, J. Apart from other errors, there is a complete absence of competent evidence of the loss of the package complained of, or of its value.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.

---

## DE BLASI v. TADDONIO et al.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

MONEY LENT (§ 7*)—EVIDENCE—WEIGHT AND SUFFICIENCY.

　　In an action to recover a loan of $100 in which defendants testified that plaintiff had for each of three years received $14 interest, but in which plaintiff claimed to have received only some $8 for disbursements

---

．*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes